## J. Joseph Wright v. Anna Bell Fitzgerald.

1. CHANCERY PRACTICE—*Requisites of a Bill to Enforce the Payment of a Judgment Against an Insolvent Corporation.*—In a bill filed under the provisions of section 25 of the corporation act to enforce the liability of stockholders of an insolvent corporation it should be alleged and affirmatively shown that the defendants were liable as subscribers or stockholders.

**Bill to Enforce the Payment of a Judgment**, against an insolvent corporation. Error to the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed July 5, 1900.

LEE & HAY, attorneys for plaintiff in error.

DAVID S. GEER, attorney for defendant in error.

MR. JUSTICE SEARS delivered the opinion of the court.

The bill of complaint in this cause was filed under the provisions of section 25 of the incorporation act. It

alleges that complainant recovered a judgment against the Holsen Electrical Harness and Supply Company; issuing of execution thereon; demand by the sheriff upon the corporation, and refusal of payment more than ten days prior to filing of bill; that judgment remains unsatisfied; that corporation has ceased to do business and is insolvent; that plaintiff in error and others subscribed for the capital stock of the corporation; prays for dissolution of the corporation, appointment of a receiver, enforcement of liability of subscribers to capital stock, and a distribution of the assets.

The allegation as to unpaid stock subscriptions is as follows:

"Your oratrix states, upon information and belief, that the stock of said corporation has never been fully paid in; that large sums remain unpaid on the stock of said corporation, but what amount of the capital stock of said corporation has been paid in, and what amount remains unpaid thereon, and the names of all persons who may be liable on account of said non-payment and the exact amount of their liability, your oratrix has been unable to ascertain and can not state, but prays that the same may be disclosed and discovered by the defendants hereto, and determined by this court."

There is no allegation in the bill of complaint that plaintiff in error is indebted to the corporation for any amount whatever upon his subscription for capital stock.

The plaintiff in error and other defendants were defaulted, and the bill of complaint was taken as confessed by and against them.

There seems to have been a hearing of evidence before a master in chancery, although there does not appear from the record to have been any references to him.

The master reported *inter alia* as follows:

"It does not affirmatively appear how much, if anything, the defendants had paid upon their subscriptions to stock, etc. Neither does it appear whether or not certificates were ever issued to the defendants, etc. No affirmative showing has been made that the defendants continued liable as subscribers or as stockholders down to the day the complainant recovered her judgment."

Nevertheless, the master reported his conclusion that the equities were with the complainant, and that she was entitled to a decree against plaintiff in error and the other defendants.

Upon December 3, 1897, the court entered a decree in conformity with the master's report.

Upon December 24, 1897, plaintiff in error filed his petition, seeking to have the decree vacated and set aside as to him, in which he averred that he had never been subscriber or owner except as to one share of the capital stock of the corporation; that he had fully paid the amount subscribed for that share; and that he had ceased to be owner of that share of stock more than two years before the claim of defendant in error had accrued.

The prayer of the petition was denied.

The difficulty with this decree is, that it is not sustained either by allegation or proof.

The bill of complaint does not allege that plaintiff in error owes any sum whatever upon his stock subscription. The evidence taken before the master in chancery does not disclose any such indebtedness, nor does the master find that such indebtedness exists. Whether the decree be viewed as resting upon the allegations of the bill of complaint, taken as confessed, or upon the evidence produced before the master, the result is the same.

The decree is reversed and the cause is remanded.